## *TOURNE & AL. vs. LEE & AL.*

Trespassers cannot call in warranty those under whose authority they acted.

The corporation of New-Orleans have the right to consider an act in violation of their ordinances relative to the port of New-Or-

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The defendants, acting under the orders of the mayor of the city of New-Orleans, cut loose, and turned adrift, a raft of wood, belonginging to the plaintiffs, which

they had moored in the port opposite fau-bourgh St. Mary, and suffered to remain there for a longer period of time, than the city or-dinance permitted.

leans, as a nuis-ance, and have the power to a-bate it.

The defendants pleaded, that they were acting as officers of the corporation, under orders from the head of it. They prayed that the mayor, aldermen and inhabitants of the city, might be cited in warranty, and they discharged. The court correctly refu-sed this demand. Trespassers, or those ac-cused of trespassing on the rights of others, cannot relieve themselves from responsibil-ity, by pleading, in defence, the authority of third persons.

The jury found a verdict for the defend-ants, and the plaintiffs appealed, after hav-ing fruitlessly attempted to have the verdict set aside, and a new trial granted in the court below.

The cause presents two questions. First, of fact : whether the raft was moored oppo-site the levee, in a place forbidden by the city regulations, and had remained there a sufficient length of time, to be obnoxious to their penalties : and second, of law : wheth-er the ordinance was constitutional. The

first, we consider correctly settled, by the verdict of the jury, and shall proceed to examine the second.

We have no doubt the ordinance of the city council was constitutional in its prohibition, and the remedy it accorded for a violation of it. It is essentiel to the good police of the city, and the general convenience, that the corporation should be vested with the power to prescribe what portion of the port is appropriated to particular craft, and for what length of time, and on what conditions they can remain in the place assigned them. This, indeed, the appellants have not much contested, but it has been strenuously contended, that the remedy was a violation of the fundamental law of the state, because it deprived the citizen of his property, without a judgment of the court, pronounced after hearing him, or giving him an opportunity to be heard. As the corporation had the power of making regulations as to the place where rafts of wood should land, and how long they might remain, they had, in our judgment, the right to consider a violation of their ordinance on these matters, as a nuisance, and to treat it accordingly.

Counsel then read from 3d Blackstone to show that the act of the defendants does not fall within the definition of a nuisance. The nuisances treated of in the passage cited, are those which are private. The offence of the plaintiffs falls within the class of public ones. The same author specifies, as one of the latter kind, "as nuisances in public rivers, rendering the same inconvenient." But it was said, the evidence showed that no inconvenience resulted from this raft, at the time it was moved; owing to the state of the waters, the batture, and other causes. This may be so, and the plaintiffs case not be made stronger, because the court were bound to conclude, that in general, it is inconvenient to the public, and a nuisance, that rafts of wood should remain longer than 48 hours, where this was placed. The city council, in whom the right of legislation is vested, have said so by their ordinance, and as they have made no exception, we can make none. If in the *greater number of instances,* the public convenience is opposed to mooring rafts where the defendants placed theirs, the corporation had a right to consider *all* such, and place *all* under the

Eastern District.
*February,* 1830.

TOURNE & AL.
*vs.*
LEE & AL.

same penalties. They may have wisely considered, that the introduction of any exception into the ordinance, would have defeated its object, and that the inconvenience of settling whethether particular cases came within the exception, would be a greater inconvenience to the public, (of which the plaintiffs form a part) than a prohibition which embraced all cases. Considering, therefore, the act of the defendants, permitting the raft of wood to lay longer in a place than the regulations of the city authorised, as producing a nuisance which was public in its nature, any person, and more especially the city authorities, had a right to abate it : because, in the language of the great judge and constitutional lawyer already quoted, "injuries of this kind, which obstruct or annoy such things as are of daily convenience and use, require an immediate remedy; and cannot wait for the slow progress of the ordinary forms of justice." 3 *Blackstone's com* : 5, 216, 4 *ib.* 167.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.

*Carrow* for the plaintiffs, *Moreau & Armar* for the defendants.